UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PARKER, et al, <br>                        Plaintiffs, <br><br> vs. <br><br> WILLIAM HURLEY, et al, <br>                        Defendants. | CIVIL ACTION NO. 06-10751-MLW |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(D)**

The defendants, William Hurley; Paul B. Ash, Ph.D.; Helen Lutton Cohen; Thomas R. Diaz; Olga Guttag; Scott Burson; Thomas Griffith; Andre Ravenelle; Joni Jay; Jennifer Wolfrum; Heather Kramer; and the Town of Lexington; hereby move to dismiss plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As grounds therefor, the defendants state:

1. Defendants' use of the reading materials identified in plaintiffs' Complaint within the Estabrook Elementary School did not unreasonably interfere with or place an unlawful burden on plaintiffs' constitutional rights; moreover, defendants' legitimate governmental interest in providing an appropriate public education to all school-age children within the Town of Lexington outweighs plaintiffs' rights to tailor the public school curriculum to suit their personal morals or beliefs, to dictate how or when certain subjects may be taught to their children, or to control the flow of age-appropriate information regarding diversity or family composition, including same sex parents. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 533-534 (1st Cir. 1995), cert. den., 516 U.S. 1159 (1996); Fields v. Palmdale School Dist. (PSD), 427 F.3d

1

1197, 1207 (9th Cir. 2005); Blau v. Fort Thomas Public School Dist., 401 F.2d 381, 395-396 (6th Cir. 2005); Leebaert v. Harrington, 332 F.3d 134, 144 (2d Cir. 2003); Swanson v. Guthrie Ind. School Dist. No. 1-L, 135 F.3d 694, 697-698 (10th Cir. 1998). Therefore, Count I of plaintiffs' Complaint, seeking relief under 42 U.S.C. § 1983, must be dismissed.

    2. Defendants did not unlawfully interfere with plaintiffs' constitutional rights through "threats, intimidation or coercion" within the meaning of the Massachusetts Civil Rights Act. M.G.L. c. 12, §§ 11H & 11I. Moreover, the defendant, Town of Lexington, is not a "person" subject to suit under the Massachusetts Civil Rights Act. Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-592 (2001). Therefore, Count II of plaintiffs' Complaint must be dismissed.

    3. The Massachusetts Opt-out Statute, M.G.L. c. 71, § 32A, does not create a private right of action enforceable by the plaintiffs. See Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 546-547 (1998). Therefore, Count III of plaintiffs' Complaint, seeking relief under the Opt-out Statute, must be dismissed.

    4. Plaintiffs fail to state a conspiracy claim against the defendants under 42 U.S.C. § 1983. See Slotnick v. Staviskey, 560 F.2d 31, 34 (1st Cir. 1977). Therefore, Count IV of plaintiffs' Complaint must be dismissed.

    5. The individual defendants are entitled to qualified immunity as against plaintiffs' civil rights claims. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994); Rodriguez v. Furtado, 410 Mass. 878, 882 (1991). Therefore, Counts I, II and IV of plaintiffs' Complaint must be dismissed as against the individual defendants.

    WHEREFORE, for the grounds set forth above, and as more fully stated in the

**Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint** attached hereto, the defendants move that this Court dismiss plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendants hereby request oral argument on their Motion to Dismiss Plaintiffs' Complaint based on defendants' belief that oral argument may assist this Court in deciding the issues contained herein.

> The defendants,
> WILLIAM HURLEY, et al.,
>
> By their attorneys,
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Davis, BBO #115890
> Ten Winthrop Square
> Boston, MA  02110
> (617) 350-0950

## Certificate of Compliance

Counsel for defendants hereby certifies that he has conferred with plaintiffs' counsel and has attempted in good faith to resolve or narrow the issues raised herein in compliance with Local Rule 7.1(A)(2).

_____
John J. Davis

Dated: August 15, 2006

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Pleading on all parties by ~~mailing same, postage Prepaid,~~ electronic Mail to all counsel of record. Signed under the ~~pains and~~ penalties of perjury.

DATED: 8/15/06

3